UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMAR AMANI BEY,

    Plaintiff,

v.                                                 Case No. 08-12959
                                                 Hon. Lawrence P. Zatkoff

WELLS FARGO, N.A.,
OPTION ONE MORTGAGE LOAN TRUST, and
POTESTIVO & ASSOCIATES, P.C.,

    Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 10, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Potestivo & Associates' motion to dismiss or, alternatively, for summary judgment [dkt 19]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant Potestivo & Associates' motion is GRANTED.

**II. BACKGROUND**

This case arises out of the foreclosure and auction of Plaintiff's home following a default on

his mortgage. The mortgage was executed between Defendant Option One and Plaintiff[1] and his wife on September 7, 2005, and the mortgage and note were subsequently assigned to Defendant Wells Fargo on November 15, 2007. *See* Def.'s Mot. Dismiss Exs. 3, 4. Plaintiff and his wife defaulted on the terms of their loan, and following a foreclosure by advertisement, the home was auctioned at a sheriff's sale and sold. *See id.* at Ex. 5. After the statutory redemption period had elapsed, Defendant Wells Fargo filed an eviction action in state district court, where a default judgment was entered, followed by an order of eviction. *See id.* at Exs. 6-9. Throughout the foreclosure and eviction proceedings, Defendant Potestivo & Associates ("Defendant") acted as legal counsel for Defendant Wells Fargo.

Plaintiff filed a *pro se* complaint in this Court on July 10, 2008, only days before the state-court default judgment was entered. In his complaint, Plaintiff alleges various violations of federal and state law regarding the foreclosure proceedings and sale. In an amended complaint, Plaintiff sought to enjoin the eviction from his home. The Court declined to grant injunctive relief [dkt 10].

The Court declined to exercise supplemental jurisdiction over Plaintiff's state-law claims [dkt 7]. The Court construes Plaintiff's federal claims as alleging (1) Unfair Practices under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*; (2) False or Misleading Representation under the FDCPA; and (3) Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.* Defendant has moved for dismissal, or alternatively, for summary judgment as to all three claims. Plaintiff responded with an "Affidavit

---

[1] The mortgage is in the name of "Collins E. Dobbs," which is Plaintiff's given name. He subsequently changed his name to Amar Amani Bey. Plaintiff submitted documentation of this change in every filing with the Court, therefore, the Court is satisfied that Plaintiff executed the mortgage.

of Facts," which the Court will treat as his responsive brief, to which Defendant has filed a reply.

### III. LEGAL STANDARDS

This motion was presented as both a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and a motion for summary judgment under Fed. R. Civ. P. 56. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b). As the Court has considered the parties' briefs and exhibits, the summary judgment standard is appropriate.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Although all inferences must be drawn in favor of the nonmoving party, this Court bears no obligation to imagine favorable facts where the nonmoving party has alleged none. The moving party must also set forth facts sufficient to establish its case: "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will

be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The Court recognizes that when a plaintiff proceeds *pro se*, as is the case here, the Court must construe that plaintiff's pleadings liberally and that such pleadings are held to a lesser standard than those drafted by a licensed attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The Court, however, will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## IV. ANALYSIS

Defendant argues that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, res judicata, collateral estoppel, and are otherwise without merit. Plaintiff's response brief is largely unintelligible and unresponsive to Defendant's arguments. The document refers to various treaties, international agreements, and documents, such as the Zodiac Constitution, all of which are of questionable relevance.[2] It further lists several statutes not pleaded in Plaintiff's complaint. As Plaintiff did not seek concurrence of the opposing parties or request leave to amend his pleadings from the Court, *see* Fed. R. Civ. P. 15(a)(2), the Court will not address whether Defendant's actions violated any of these statutes, especially considering the list provides no context, facts, or argument pertaining to any such violations. The Court will consider Plaintiff's complaint as originally filed in deciding Defendant's motion.

---

[2]For example, courts have rejected the relevancy of the Zodiac Constitution. *See, e.g.*, *Redfear v. Thomas*, No. 5:06CV137, 2006 WL 3207293, at *1 (W.D.N.C. Nov. 3, 2003). Other listings from Plaintiff's brief, such as "Delegation of authority from United States Republic from Congress certified document," are too vague and ambiguous for the Court to ascertain which documents are referenced, let alone consider their relevance.

A. **THE *ROOKER-FELDMAN* DOCTRINE**

Federal district courts lack jurisdiction to directly review the judgments of state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also* 28 U.S.C. § 1257. The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Courts have consistently applied this doctrine to claims requesting review of a state court's final decision in foreclosure and eviction proceedings. *See, e.g.*, *Berry v. Ocwen Loan Servs., LLC*, No. 08-13760, 2008 WL 4648123, at *2 (E.D. Mich. Oct. 21, 2008); *Jones v. Heartland Home Fin. Corp.*, No. 07-14398, 2008 WL 4561693, at *2 (E.D. Mich. Oct. 10, 2008); *Austin v. Countrywide Home Loans*, No. 08-15127, 2008 WL 3833269, at *1 (E.D. Mich. Aug. 13, 2008).

In order to bar review of an injury suffered by a state-court loser, however, there must first be a state-court loser. In *Exxon Mobil*, the Supreme Court carefully distinguished *Rooker-Feldman* as applicable only when a federal-court plaintiff appeals a final state-court judgment. This was not the situation in *Exxon Mobil*, where concurrent state and federal-court cases were pending. As no state-court loser existed at the time the federal suit was filed, the Supreme Court held that *Rooker-Feldman* was inapplicable.

Plaintiff's original pleadings are unclear as to whether he was, at the time of filing his federal complaint, a state-court loser. Subsequent filings show he was not. Defendant Wells Fargo filed a complaint for termination of tenancy in the 36th District Court of Michigan on June 19, 2008, and a summons issued on June 24, 2008. *See* Def's Mot. to Dismiss Ex. 6. Plaintiff filed this case on

5

July 10, 2008. The state district court entered a default judgment on July 16, 2008, and an order of eviction on July 30, 2008.

The Court finds that Plaintiff was not yet a state-court loser when he filed his federal-court complaint. Therefore, the Court will decide Defendant's motion on the merits. *See Lund v. Citibank (West) FSB*, No. 07-CV-10686, 2007 WL 3408468, at *2 n.4 (E.D. Mich. Nov. 14, 2007).

**B. PRECLUSION**

When concurrent jurisdiction exists and the state-court claim is resolved, the doctrine of preclusion controls how the federal court should proceed. *See Exxon Mobil*, 544 U.S. at 293. Here, the state-court eviction proceeding is final, so the Court must consider the preclusive effect of that judgment.

The doctrine of res judicata "provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Res judicata is an affirmative defense, rather than a jurisdictional bar. *See* Fed. R. Civ. P. 8(c)(1). When a state-court final judgment is implicated, "[a] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd of Educ.*, 465 U.S. 75, 81 (1984); *see also* 28 U.S.C. § 1738. Applying Michigan standards, a second action is barred by res judicata if "'(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.'" *Bates v. Township of Van Buren*, 459 F.3d 731, 734 (6th Cir. 2006) (quoting *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004)).

Regarding the first prong, a default judgment constitutes a judgment on the merits. *See Burks v. Wash. Mut. Bank. F.A.*, No. 07-136793, 2008 WL 4966656, at *5 (E.D. Mich. Nov. 17, 2008) (citing *City of Detroit v. Nortown Theatre, Inc.*, 323 N.W.2d 411, 413-14 (Mich. Ct. App. 1982)). As to the second prong, a law firm retained to institute foreclosure proceedings is in privity with the mortgagee bank retaining it. *See Lintz v. Credit Adjustments, Inc.*, No. 07-11357, 2008 WL 835824, at *4 (E.D. Mich. Mar. 28, 2008). Accordingly, the Court must decide whether Plaintiff's claims were, or could have been, resolved in the state-court proceeding.

## C. FDCPA CLAIMS

The Court interprets Counts I and II as alleging violations of the FDCPA. Specifically, Count I, titled "False or Misleading Representation," corresponds with 15 U.S.C. § 1692e and claims that (1) Defendant did not provide requested information prior to the foreclosure sale; (2) the mortgage assignment was void; (3) any of Plaintiff's signatures found on the documents that Defendant failed to produce are denied; and (4) the foreclosure advertisement did not comply with the Michigan Foreclosure by Sale Act. Count II, titled "Unfair Practices," corresponds with 15 U.S.C. § 1692f and avers that (1) Defendant damaged Plaintiff's commercial reputation and coerced him to part with his property due to the refusal to present documentation; and (2) Plaintiff's property was exempt from foreclosure.

As these claims implicate the validity of Defendant's foreclosure and eviction methods, they are barred by res judicata. Plaintiff could have defended the eviction proceeding by proving these procedures were unlawful. Instead, he opted to take a default judgment. To the extent that res judicata does not act as a complete bar, Plaintiff's claims are insufficient on the merits. Plaintiff has not only failed to identify which provisions of the Act Defendant violated, but he has also failed to

provide any evidence of what improper actions Defendant took, other than the vague, conclusory, and often nonsensical allegations in his complaint and response brief. The Court finds that Plaintiff has not raised a genuine issue of material fact regarding the alleged FDCPA violations. Therefore, Defendant's motion is granted as to these claims.

**D. RICO CLAIM**

Plaintiff next claims that Defendant violated RICO by (1) attempting to harass Plaintiff and compelling him to compensate Defendant for unsubstantiated obligations; (2) conspiring to wrongfully transfer Plaintiff's property through an unlawful foreclosure sale and false legal publications; and (3) failing to present a note when filing with the Wayne County Register of Deeds Department—which Plaintiff claims is under investigation for "bogus and fraudulent" activity. Plaintiff further claims that if any note were filed, it did not legitimately convey his property.

As an introductory matter, to the extent that Plaintiff's claim involves fraud, whether through the mail or otherwise, Plaintiff has not stated this claim with specificity as required by Fed. R. Civ. P. 9(b). Due partially to this, it unclear whether Plaintiff's RICO claim is barred by the state-court judgment on the grounds of res judicata. The Court need not definitively answer that query, as Plaintiff's RICO claim is wholly insufficient on the merits to survive Defendant's motion.

To state a civil RICO violation, a plaintiff must establish "(1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). An enterprise "must be an ongoing organization, its members must function as a continuing unit, and it must be separate from the pattern of racketeering activity it engages in." *Frank v. D'Ambrosi*, 4 F.3d 1378, 1387 (6th Cir. 1993). A "'pattern of racketeering activity' requires at least two acts of racketeering activity . . . ." 18 U.S.C. § 1961(5). A plaintiff must show

8

"that the racketeering predicates are related and that they amount to or pose a threat of continued criminal activity" to establish the "pattern" element. *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

Mail fraud falls within the statutory definition of "racketeering activity." *See* 18 U.S.C. § 1961(1)(B). This is as close as Plaintiff comes to stating a valid RICO claim. Plaintiff offers no evidence describing how Defendant's actions involving the mail were fraudulent. Instead, Defendant presents un-rebutted evidence suggesting that it provided legal representation throughout a valid legal action. *See Austin*, 2008 WL 3833269, at *7. Plaintiff fails to allege the existence of a separate organizational enterprise involving Defendant or any predicate acts constituting a pattern of racketeering activity. The Court concludes that Plaintiff's RICO claim is insufficient to survive summary judgment.

## V. CONCLUSION

For the reasons set forth above, IT IS ORDERED that Defendant Potestivo & Associates' motion for summary judgment [dkt 19] is GRANTED. IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Potestivo & Associates are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff<br>
LAWRENCE P. ZATKOFF<br>
UNITED STATES DISTRICT JUDGE

Dated: February 10, 2009

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 10, 2009.

                                              S/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290